# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| MILTON EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>APPALACHIAN MOUNTAIN<br>SERVICES, INC; SCREVEN<br>COUNTY TAX COMMISSIONERS,<br><br>    Defendants. | Case No. CV611-037 |

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*,[1] Milton Evans originally brought this case under the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681-1681x (FCRA). Doc. 1. He named as defendants Appalachian Mountain Services, Inc. (AMSI) and the Screven County, Georgia Tax Commissioners (the County). *Id.*[2]

---

[1] The Court thus will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers).

[2] He brought nearly identical cases in *Evans v. Collection Concepts, Inc.*, CV411-091, doc. 1 (S.D. Ga. Apr. 6, 2011); *see also id.* doc. 7 (S.D. Ga. May. 26, 2011) (dismissed on abandonment grounds), and in *Evans v. Citizen Bank of Washington County*, CV411-085, doc. 1 (S.D. Ga. Apr. 4, 2011); *see also id.* doc. 6 (S.D. Ga. May 5, 2011) (dismissed on abandonment grounds), and has sought to restrain a mortgage foreclosure in *Evans v. Branch Banking & Trust Co.*, CV611-026 (S.D. Ga. Apr. 4, 2011). The Court has located other Milton Evans cases in other jurisdictions: *Evans v. Mercedes Benz Financial Services, LLC*, 2011 WL 2936198 at (E.D. Mich. Jul. 21,

He alleged that he discharged his County tax debt in his bankruptcy proceedings, but the County, through AMSI, has been failing to acknowledge that fact in its reporting to credit reporting agencies, thus damaging his credit reputation. *Id.* at 1-4. He raised FCRA and state law claims, and sought a variety of damages. *Id.* at 3-8.

After granting him leave to proceed *in forma pauperis* (IFP), the Court screened his complaint under 28 U.S.C. § 1915(e)(2) for a plausible claim for relief under the standards set forth in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Doc. 3. Under the FCRA, the Court explained, "any person who regularly and in the ordinary course of business

---

2011) (dismissing, per Fed. R. Civ. P. 12(b)(6), his FCRA and related state-law claims as meritless); *Evans v. First Nat. Bank of Omaha*, 2011 WL 2489932 at * 1 (D. Neb. Jun. 21, 2011) (ruling, under 28 U.S.C. § 1915(e)(2), that his FCRA claim was baseless but granting him an opportunity to amend; related state law claims would be dismissed if FCRA claim is dismissed).

As it has just done in its companion Order issued this day in *Ricky Evans v. World Finance Corp. of Ga.*, CV611-061 (S.D. Ga. Jun. 6, 2011), the Court **DIRECTS** Milton to (within a separate, "Response To Court Order" filing) identify any family or other relationship he may have with Ricky Evans. His response, which shall also include a list of each and every lawsuit that he has filed nationwide (including the full caption of each, filing dates, what filing fees he's paid, and the current status of such cases) is due 14 days after the date this Order is served upon him. Failure to comply will subject him to Fed. R. Civ. P. 41 sanctions, which can include dismissal. The Court reminds him that Fed. R. Civ. P. 11 and other sanctions await anyone who brings baseless litigation before this Court. The Court also **DIRECTS** the Clerk to serve Milton with a copy of the *Ricky Evans* companion Order issued this day.

furnishes information to one or more consumer reporting agencies' must correct and update the information provided so that it is complete and accurate. § 1681s-2(a)(2)." *Saunders v. Branch Banking and Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008) (quotes omitted).

But not all FCRA actions can be brought by private parties. Doc. 3 at 3, and Evans cited no particular FCRA provision. His complaint, even liberally construed, alleged only that the County failed to correct his credit record with his CRAs when it should have known to do so. *See* doc. 1 at 4-5. That was not enough because

> Under 15 U.S.C. § 1681s-2, the FCRA imposes two separate duties on information furnishers. "Under subsection (a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer." *Chipka v. Bank of Am.*, 355 F. App'x 380, 383 (11th Cir.2009) (per curiam) (citing 15 U.S.C. § 1681s-2(a)(1)-(3)). "In accordance with subsection (b), furnishers of consumer credit information must also verify the sufficiency and accuracy of the information *when* notified by a consumer reporting agency of a credit-report dispute." *Id.* (citing 15 U.S.C. §§ 1681s-2(b) & 1681i(a)(2)).

*Bradley v. Sovereign Bank*, 2010 WL 2731902 at * 3 (M.D. Ga. Jul. 8, 2010) (emphasis added). Since Congress limited Evans's cause of action "against a furnisher of credit information to violations of § 1681s-2 (b)[,]" *id.* (quotes and cites omitted), and Evans failed to allege that the

3

County (and thus its collection agent, AMSI), was actually notified by a CRA of the erroneous information, his complaint failed. Doc. 3 at 4-5.

But the Court gave him a chance to re-plead. *Id.* at 5-6. It warned him that he must plead private-enforcement facts. *Id.* Evans has amended his complaint. Doc. 5 (the Court **GRANTS** his otherwise unnecessary "motion to amend," doc. 4). He adds claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FCPA) and 11 U.S.C. § 362, plus state law claims like defamation and intentional misrepresentation. Doc. 5 at 1, 7-8. But he fails to cure the pleading deficiency noted above, so his FCRA claim must be **DISMISSED**.

Private causes of action have been recognized for bankruptcy-stay violations. *Laurent v. U.S. Trustee,* 196 F. App'x 740, 744 (11th Cir. 2006); *In re Potter*, 354 B.R. 301, 316 (Bankr. N.D. Ala. 2006); *In re Williams,* 1999 WL 33587415 at * 3 (Bankr. S.D. Ga. Sep. 3, 1999); 11 U.S.C. § 362(h). Evans supports this claim by alleging that the defendants sought to collect his debt while he was in bankruptcy, where he listed this particular debt. Doc. 5 at 3. He does not say why he did not *then* move the Bankruptcy Court for contempt, *see In re Johnson*, 2010 WL 3909226 at * 2 (Bankr. N.D. Ala. Sep. 30, 2010), but under Fed.

R. Civ. P. 8(a) and the liberal pleading standards noted above, he has pled enough to "green-light" his Complaint. *See generally* 3A BANKR. SERVICE L. ED. § 28:95 (*Dunning or indirect collection activities, generally*) (Jul. 2011); *In re Jones*, 367 B.R. 564, 569 (Bankr. E.D. Va. 2007) (the act of credit reporting itself could violate the discharge injunction if the reporting was being used by the creditor as a means to coerce payment from the debtor); 27-MAR AM. BANKR. INST. J. 10, *Credit Reporting Post-Discharge: Am I In Trouble Now?* (Mar. 2008).

As for his FDCPA claim:

> The FDCPA prevents debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA applies only to "debt collectors" whose conduct involves the collection of a debt. *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003) (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)). A "debt collector" is defined by the FDCPA to be "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

*McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). While it is doubtful that the defendant county falls under the FDCPA, nevertheless the Court is authorizing service of the Complaint, so it is not necessary

to reach this or the remaining (state law) claims -- defendants may invoke summary dismissal mechanisms such as Fed. R. Civ. P. 12 and 56 on that score.

The Court therefore **DIRECTS** the United States Marshal to serve process on the defendants. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases"); Fed.R.Civ.P. 4(c)(3) (requiring courts to order that service be effected by U.S. Marshal or other specially appointed person if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915). After that has been accomplished, the Court will issue additional instructions pertaining to discovery and the litigation process. Meanwhile, the Court **GRANTS** plaintiff's "motion to amend." Doc. 4.

**SO REPORTED AND RECOMMENDED**, this 23rd day of August, 2011.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA