# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| MILTON EVANS, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) )   Case No. CV611-037 |
| APPALACHIAN MOUNTAIN SERVICES, INC; SCREVEN COUNTY TAX COMMISSIONERS, | ) ) ) ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Milton Evans brought this case under the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681-1681x (FCRA). Doc. 1. The Court authorized service of his Complaint but, after noting its companion order in *Ricky Evans v. World Finance Corp. of Ga.*, CV611-061 (S.D. Ga. filed Jun. 2, 2011), directed him

> to (within a separate, "Response To Court Order" filing) identify any family or other relationship he may have with Ricky Evans. His response, which shall also include a list of each and every lawsuit that he has filed nationwide (including the full caption of each, filing dates, what filing fees he's paid, and the current status of such cases) is due 14 days after the date this Order is served upon him. Failure to comply will subject him to Fed. R. Civ. P. 41 sanctions, which can include dismissal. The Court reminds him that Fed. R. Civ. P. 11 and other sanctions await anyone who brings baseless litigation before this Court.

Doc. 6 at 1-2 n. 2, *adopted*, doc. 12.  In *Ricky Evans*, the Court remarked

> that it has before it a number of "Milton Evans" cases. If it turns out that these two men are perpetuating a nationwide "litigation shake-down" effort (file a mass of frivolous lawsuits, at taxpayer expense, in hopes of extracting nuisance value settlements from lenders), then that information would be critically relevant to, *inter alia,* whether this and other courts should continue to grant them IFP status. Such privilege must never be abused, and those who swear to poverty to evade filing fees yet evidence "mass filing" resources impliedly beckon re-examination of their indigency attestations.

*Ricky Evans*, CV611-061, doc. 5 at 7.

Milton Evans has failed to comply.  His case should therefore be **DISMISSED WITHOUT PREJUDICE**[1] for failing to obey this Court's Order.

---

[1] The Eleventh Circuit recently noted that

> the district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark,* 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *see also Betty K Agencies,* 432 F.3d at 1337.

*Smith v. Bruster,* 424 F. App'x 912, 914 (11th Cir. 2011).  In contrast,

> [d]ismissal *with* prejudice is a sanction of last resort, and only proper if the district court finds "a clear record of ... willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro,* 465 F.3d 479, 483–84 (11th Cir. 2006) (quotation marks omitted). In contrast, dismissal

**SO REPORTED AND RECOMMENDED** this  21st   day of September, 2011.

                                                    /s/ G.R. Smith
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA

---

without prejudice generally does not constitute an abuse of discretion, even for a single, relatively minor procedural violation, because the affected party may re-file his or her action. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (concluding district court did not abuse discretion in dismissing complaint without prejudice for failure to file court-ordered brief).

*Id.* (emphasis added); *see also* Fed. R. Civ. P. 41(b); Local Rule 41(b) (authorizing dismissal for neglect of any Court order); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).